Francis X. Conlon, J.
Petitioner moves for a stay of arbitration with respect to issues claimed to be nonarbitrable.
By letter of February 16, 1962, respondent enumerated, and proposed for arbitration, nine specified disputes rvhich the parties by negotiation had failed to compose. The requested arbitration was proposed under article 9.7 of the contract. The letter concluded: “ If you agree with our assumption that our controversies cannot be settled amicably as contemplated in such article, we request that all controversies between us, properly subject to arbitration as per said article of the agreement, be submitted to arbitration as soon as possible.”
*609 There being no response, respondent again wrote by letter of March 16,1962, in which it stated:
“ Accordingly, pursuant to Article 9.7 of the above-mentioned agreement, we herewith give you notice of institution of arbitration proceedings with respect to our respective controversies as more fully set forth in our said letter of February 16, 1962.
‘ ‘ Further in accordance with said Article 9.7 of said agreement, we herewith give you notice that we have designated an independent arbitrator; to wit, Dr. Lincoln T. Work, Consulting Engineer, of 36 West 44th Street, N. Y. 36, N. Y.”
By letter of March 26,1962, petitioner wrote: “ With reference to your letter of February 16,1962, we specifically deny the rash charges, conclusions and claims contained therein in so far as they attempt to place responsibility on us. Furthermore, we call your attention to Section 7 of the contract which you have apparently overlooked.”
After alluding to the claimed indebtedness of the respondent to it, the petitioner further stated:
“Your failure and refusal to pay said sum or any part thereof constitutes a controversy under the terms of said contract which cannot be amicably settled between us. We propose to submit this matter to the arbitrators for decision.
‘ ‘ Please be advised that we designate Mr. J. J. 0 ’Leary, Monroe Building, Petersburg, Virginia, as a second independent arbitrator.”
The two arbitrators thus selected have designated a third arbitrator. Thereby petitioner has participated by the designation of a second arbitrator and has waived any right to stay arbitration. In addition, whether the claims of the respondent under article 9.7 of the contract are in any way limited by the provisions of articles 6.2, 7.1 and 7.3 of the contract, and whether the claimed damages arise from sources and matters excluded by the provisions of articles 6.2, 7.1 and 7.3, are, by reason of the waiver, now for the arbitrators (see, also, Civ. Prac. Act, § 1448-a), and whether any objection is available on that score must now await the award and any application which the petitioner may deem available under the Arbitration Act. While under the contract provisions, recovery on certain items of damage is excluded, yet the question whether the damages claimed do thus arise under the exclusionary provisions is for the arbitrators.
Finally, the contract provides for arbitration of any controversy with respect to the terms or conditions of the agreement and performance, and a controversy respecting the meaning and application of the terms and conditions of the contract and *610 of performance is within “ any controversy ”. Since a contract exists providing for snch arbitration, what occurred thereafter with respect to any modifications, or estoppel to deny modifications, is for the arbitration. The motion is denied.